UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER C. CLARK, | No. 2:24-cv-2666 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CSP SOLANO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On February 4, 2025, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. The court will, however, grant plaintiff one more opportunity to state a claim upon which he can proceed in a second amended complaint.

1	Plaintiff complains about not being protected from violence at the hands of another
2	inmate.   Plaintiff is again informed that under the Eighth Amendment, "prison officials have a
3	duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511
4	U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).   However, "not . . .
5	. every injury suffered by one prisoner at the hands of another . . . translates into constitutional
6	liability for prison officials responsible for the victim's safety." Id. at 834.  A prison official may
7	be held liable for an assault suffered by one inmate at the hands of another only where the
8	assaulted inmate can show that the injury is sufficiently serious, and that the prison official was at
9	least deliberately indifferent to the risk of harm.  Id. at 834, 837.  Thus, the relevant inquiry is
10	whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently
11	substantial risk of serious damage to his future health." Id. at 834 (internal quotation omitted).
12	To be deliberately indifferent, the "official must both be aware of facts from which the inference
13	could be drawn that a substantial risk of serious harm exists, and he must also draw the
14	inference." Id.

15	The only evidence that any defendant was at least deliberately indifferent to plaintiff's
16	being attacked by another inmate is that plaintiff informed defendant Vang and his partner that
17	plaintiff feared for his life.  However, plaintiff does not indicate he told Vang and his partner why
18	or that they were altogether dismissive of plaintiff's fear.  Relaying fear cannot, by itself,
19	establish deliberate indifference.

20	Plaintiff is informed that the court cannot refer to a prior pleading in order to make
21	plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
22	complaint be complete in itself without reference to any prior pleading.

23	Finally, the court notes that plaintiff seeks assistance in ascertaining the names of
24	defendants and witnesses.  The court does not have jurisdiction over any party that may provide
25	information useful to plaintiff.  If plaintiff can state a claim against someone, and if service of
26	process can be achieved, plaintiff would be allowed to seek the names of other defendants and
27	witnesses from that person through the discovery process.
28	/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 19, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
clar2666.14(2)

3