UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER C. CLARK, | No. 2:24-cv-2666 DC CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CSP SOLANO, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

    Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On May 19, 2025, plaintiff filed a motion for an extension of time to file a second amended complaint. Good cause appearing, that request will be granted. Plaintiff's second amended complaint filed May 22, 2025, is deemed timely and plaintiff's second amended complaint is before the court for screening.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

    Plaintiff complains about not being protected from an attack by another inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the

1

1  hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation
2  marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered by one prisoner at
3  the hands of another . . . translates into constitutional liability for prison officials responsible for
4  the victim's safety." Id. at 834.  A prison official may be held liable for an assault suffered by
5  one inmate at the hands of another only where the assaulted inmate can show that the injury is
6  sufficiently serious, and that the prison official was at least deliberately indifferent to the risk of
7  harm. Id. at 834, 837.  Thus, the relevant inquiry is whether prison officials, "acting with
8  deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to
9  his future health." Id. at 834 (internal quotation omitted). To be deliberately indifferent, the
10 "official must both be aware of facts from which the inference could be drawn that a substantial
11 risk of serious harm exists, and he must also draw the inference." Id.

12      Plaintiff claims that on October 29, 2023, he told an unidentified officer at the podium that
13 he feared for his life, that he was going to be stabbed, and that he needed to be removed from the
14 building where he was housed immediately.  ECF No. 15 at 4.  The unidentified officer "looked
15 at [him] like [he] was crazy." Id.  At some point, plaintiff was pulled away from the podium by
16 his shirt, apparently by another inmate. Id. The inmate told plaintiff he was going to be stabbed
17 for being at the podium. Id.  Later that night defendant Vang asked plaintiff if he was all right
18 and plaintiff said "no." Id. Plaintiff alleges that on October 30, 2023, he was beaten, apparently
19 by other inmates, after leaving the cafeteria at his prison. Id.  Plaintiff suffered serious injuries to
20 his jaw. Id.

21      First, plaintiff cannot proceed against a defendant he cannot identify.  Second, the facts
22 presented are insufficient to establish that plaintiff suffered injury because the unidentified officer
23 was at least deliberately indifferent to substantial risk of harm.  The unidentified officer was on
24 notice that plaintiff was afraid, but nothing suggests plaintiff told the officer why he was afraid or
25 that officer either was or should have been on notice as to why and the fear was justified.
26 Plaintiff's mere expression of generalized fear is not enough to establish deliberate indifference to
27 a substantial risk of serious harm.  See Manzanillo v. Lewis, 267 F.Supp.3d 1261, 1270 (N.D.
28 Cal., 2017) (deliberate indifference a more blameworthy state of mind than gross negligence, but

less than intent to harm).

As for defendant Vang, plaintiff fails to allege sufficient facts to suggest that Vang was deliberately indifferent to a substantial risk of harm. Allegedly Vang asked plaintiff if he was alright on October 29, and plaintiff responded, "no." There is no indication that Vang had any information that either did or should have alerted him that plaintiff would be beaten the next day.

Finally, plaintiff asserts violations of state law. As plaintiff does not state a claim upon which he can proceed under federal law, the court does not have supplemental jurisdiction over state law claims. See 28 U.S.C. § 1330 et seq.

For the foregoing reasons, plaintiff's second amended complaint must be dismissed. The court has given plaintiff two opportunities to amend his pleadings to state a claim upon which he can proceed, and he has not done so. The court does not grant leave to file a third amended complaint as that appears futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (ECF No. 14) is GRANTED.

2. Plaintiff's second amended complaint (ECF No. 15) is deemed timely.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be DISMISSED; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
clar2666.frs